IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Clarence Scott Miller, ) | Civil Action No. 6:15-3726-TMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| Mr. Willie Eagleton, ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently incarcerated at Evans Correctional Institution in the South Carolina Department of Corrections (doc. 1 at 1). The petitioner was indicted by the Spartanburg County Grand Jury in April and October 2006 for two counts of burglary 1st degree (06-GS-42-3447, 3449), petit larceny (06-GS-42-3448), burglary 2nd degree (06-GS-42-1294), and grand larceny (06-GS-42-1295) (app. 43–52[1]). The petitioner was also indicted in April 2007 in Spartanburg County for burglary 2nd degree (07-GS-42-1546) (app. 55–56). He was represented by Joshua Schultz (app. 3–24).

On March 27, 2008, the petitioner pled guilty to all charges as indicted before the Honorable J. Mark Hayes, Circuit Court Judge (*id*.).[2] On April 28, 2008, the plea court

---

[1] The Appendix can be found at Docket Entry Number 35-1.

[2] Prior to the petitioner's guilty pleas, his attorney had him evaluated separately by the South Carolina Department of Mental Health ("SCDMH") and a private psychologist for criminal responsibility and competency to stand trial. The petitioner was found criminally responsible and competent to stand trial by both SCDMH and the private psychologist (app.

sentenced the petitioner to 20 years confinement for each burglary 1st degree charge, 15 years for the burglary 2nd degree, and 10 years for petit larceny, all to run concurrent, along with consecutive 15 year terms for burglary 2nd degree and 10 years for grand larceny, which were both suspended to time served and intensive probation for five years to follow the petitioner's prison sentence (app. 40–42).

*Underlying Case Facts*

On July 29, 2006, the petitioner broke into the home of Richard Shook and stole guns that were in the home. His fingerprints were found inside Shook's home (*id*.). On the night of August 2, 2006, the petitioner kicked in the back door of the home of Valerie and Jason Johnson, who were at home at the time of the burglary. The victims tackled the petitioner and held him in the back yard until police arrived. On the night of December 31, 2005, the petitioner broke into a building belonging to Ellis Bowden (app. 13-14).

On January 30, 2006, the petitioner broke into a business and stole automobile racing suits and was seen attempting to sell those racing suits (app. 14–15). The petitioner was also seen wearing clothing similar to the clothing worn by one of the burglars on surveillance video from the crime scene (app. 15). The petitioner admitted the facts above were true and that he was guilty of the charges (app. 15–20). At his sentencing, the petitioner also apologized to the victims for the crimes he committed (app. 38).

*Direct Appeal*

The petitioner filed a timely appeal of his convictions and sentences by way of an *Anders*[3] brief (doc. 35-2). He was represented by M. Celia Robinson of the South

---

55–64).

[3] An *Anders* brief, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

Carolina Office of Appellate Defense (*id*.). In the *Anders* brief, the petitioner raised the following issue:

> Did the Circuit Court Judge err in accepting appellant's guilty plea where the plea was not knowing and voluntary as the result of appellant's inability to understand the guilty plea proceeding, his inability to understand the constitutional rights he was waiving, and his inability to assist trial counsel in his defense?

(*Id*. at 3). Appellate counsel certified to the South Carolina Court of Appeals the appeal was without merit and asked to be relieved as counsel (*id*. at 10). The petitioner filed a *pro se* response to the *Anders* brief, raising essentially the same issue (doc. 35-3). On October 28, 2010, the South Carolina Court of Appeals denied and dismissed the direct appeal in an unpublished opinion. *State v. Miller*, Op. No. 2010-UP-467 (S.C. Ct. App. 2010), finding as follows:

> PER CURIAM: Clarence Scott Miller appeals his guilty pleas to resisting arrest, petit larceny, two counts of second-degree burglary, grand larceny, and two counts of first-degree burglary. Miller's counsel argues the plea court erred in accepting Miller's plea because Miller was incompetent due to his learning disability and mental illness. Miller filed a pro se brief reasserting his counsel's briefed argument. After a thorough review of the record and both briefs pursuant to Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss [footnote: we decide this case without oral argument pursuant to Rule 215, SCACR.] the appeal and grant counsel's motion to be relieved.

(Doc. 35-4). The remittitur was issued on November 16, 2010 (doc. 35-5).

***PCR***

On April 4, 2011, the petitioner filed an application for post-conviction relief ("PCR") (app. 75). The petitioner alleged he was being held in custody unlawfully based on the following grounds:

> (A) Fail to investigate.
>
> (B) Failure to request a competency hearing knowing applicant had a history of mental illness.

3

> (C) Failure to request a suppression hearing to suppress applicant statement due to physical [illegible] and mental [illegible] during interrogation.[4]

(App. 78). The State made its return on March 6, 2012 (app. 84–87). An evidentiary hearing was convened on June 13, 2012, before the Honorable Roger L. Couch, Circuit Court Judge (app. 88–149). The petitioner was present and represented by Barry Bland at the hearing (*id.*). The State was represented by Assistant Attorney General Ashleigh R. Wilson (*id.*). By order filed July 31, 2012, the PCR court construed the petitioner's claims as ineffective assistance of counsel allegations and found the petitioner had not established any constitutional violations or deprivations and denied and dismissed the PCR application with prejudice (app. 158–59). The order was filed with the Spartanburg County Clerk of Court on July 31, 2012 (app. 159). The petitioner did not file a motion to alter or amend, pursuant to Rule 59(e), SCRCP.

## PCR Appeal

On March 26, 2013, LaNelle C. DuRant, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson*[5] petition for writ of certiorari, raising the following issue:

> Did PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly?

(Doc. 35-6 at 3). DuRant also filed a petition to be relieved as counsel (*id.* at 8). Thereafter, the petitioner submitted a *pro se* submission arguing that plea counsel was ineffective for failing to ensure that the petitioner entered the guilty plea freely, voluntarily, and knowingly (doc. 35-7 at 2). He sated that the medications he was taking at the time of the plea made it impossible for him to understand that plea and that his medications had

---

[4] The PCR court interpreted this claim as "Counsel failed to request a suppression hearing to suppress the Applicant's statement, due to physical and mental issues during interrogation" (app. 152).

[5] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief.

4

changed between the time he was evaluated for competency and the plea (*id.*). He also argued plea counsel was ineffective for failing to request a *Blair* hearing or a competency hearing (*id*. at 3).

On January 27, 2015, after consideration of the entire appendix as required by *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the Court of Appeals denied the *Johnson* petition for writ of certiorari (doc. 35-8). The remittitur was issued on February 13, 2015 (doc. 35-9).

## FEDERAL PETITION

On October 14, 2015, the petitioner filed his § 2254 petition (doc. 1). On April 7, 2016, the respondent filed a motion for summary judgment (doc. 34) and a return and memorandum (doc. 35). By order filed the same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion (doc. 36). The petitioner was granted four extensions of time to file the response through September 21, 2016 (docs. 40, 44, 50, 55). On August 22, 2016, the petitioner filed the response in opposition to the motion for summary judgment (doc. 57). The respondent filed a reply on August 25, 2016 (doc. 59).

In his federal habeas corpus petition, the petitioner makes the following claims:

> **Ground One:** Counsel failed to investigate
>
> *Supporting Facts*: Counsel failure to adequately investigate, research or evaluate possible defense and evidence in mitigation. If counsel would have done so he would known Miller was not on the same medication. He was evaluated with John H. Dewitt, MD and Frank Quinn, Ph.D. During his plea, the doctor change Miller medications from the medication he was evaluated on.
>
> **Ground Two:** Counsel failed to request a competency hearing knowing that the applicant had a history of mental illness.

> *Supporting Facts*: Miller trial counsel was deficient for failing to request a Blair hearing or competence hearing. Applicant counsel was deficient because he admitted it was strange and not normal for someone to hear echo sounds. When court had information concerning Miller or petitioner irrational behavior, including suicide attempt and hallucination. Psychiatric evaluations, a learning disability. Miller inability also affected him in assisting trial counsel in his defense. With Miller ingested drugs prior to entering his guilty plea, and Miller comment his hearing echo sounds suffering form delusion hallucination and hearing echoes imaginary voices. Miller had been diagnosed consistently with having depression disorder and personality disorder. Will all these mental disorders, Miller should have been given a competency hearing.
>
> **Ground Three**: Counsel failed to request a suppression hearing to suppress the applicant's statement. Due to physical and mental issues during interrogation.

(Doc. 1-6 at 6, 7-8, 9).

## **APPLICABLE LAW AND ANALYSIS**

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

***Exhaustion***

The respondent acknowledged that the petitioner exhausted his state court remedies and that the petition is timely (doc. 35 at 15–16).

***Procedural Default***

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those

>decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The respondent argues that Grounds One and Three are procedurally defaulted (doc. 35 at 17–19). He states that these grounds were not ruled upon by the PCR court and that the petitioner failed to filed a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP (*id.*). The court agrees that Ground Three is procedurally barred; however, the court finds that the petitioner is entitled to review on the merits of Ground One.

**Ground One**

The Fourth Circuit Court of Appeals has specifically indicated, in a habeas case filed in this District, that a petitioner can exhaust habeas claims, and thereby avoid a procedural bar, by raising them for the first time in a *pro se* brief after counsel filed a *Johnson* petition for writ of certiorari following denial of his PCR application. *See Norris v.*

*South Carolina*, 37 F. App'x 71 (4th Cir. 2002) (unpublished).  The Fourth Circuit found that such claims were not procedurally barred but were subject to dismissal on the merits.  The Fourth Circuit cited *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) in its exhaustion analysis, which in turn cited *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), in which the Supreme Court of South Carolina declared "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."  The Fourth Circuit also cited *Harris v. Reed*, 489 U.S. 355, 265 n. 11 (1989) in the *Norris* decision.  In *Harris*, the Supreme Court extended the "plain statement rule," i.e., "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Id*. at 263 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).

Here, as previously discussed, the petitioner's PCR appellate counsel filed a *Johnson* petition in the Supreme Court of South Carolina seeking a petition for writ of certiorari (doc. 35-6).  The petitioner then field a *pro se* petition for writ of certiorari that raised the same issue discussed in Ground One of the federal habeas petition—that plea counsel was ineffective for failing to investigate the change in his medications (doc. 35-7; doc.1-6 at 5).  In the order denying the petition for certiorari, the South Carolina Court of Appeals did not state that any grounds were denied because they were not properly before the court (doc. 35-8).  Accordingly, the court will consider the merits of Ground One.

### **Ground Three**

In Ground Three, the petitioner argues that plea counsel was ineffective for failing to request a suppression hearing to suppress the petitioner's statement made during interrogation (doc. 1-6 at 9).  This claim was raised in the petitioner's PCR application (app.

9

78).  This issue was not specifically ruled on by the PCR court[6] and was not raised on direct appeal, in the *Johnson* petition for certiorari, or in the *pro se* petition for certiorari (*see* docs. 35-2, 35-6, 35-7; app. 151–159).  Therefore, this ground is procedurally barred from federal habeas review unless the petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred.  *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907, 915 (4th Cir. 1997).

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule.  *Carrier*, 477 U.S. at 488.  *But see Martinez v. Ryan*, 566 U.S. 1, 7, 132 S.Ct. 1309, 1315 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). In this case, the petitioner has failed to even argue cause for the default of Ground Three (*see* doc. 57).

In the response in opposition to the motion for summary judgment, the petitioner states that he is actually innocent in the discussion of his Ground One claim (doc. 57 at 8).  Liberally construing the petitioner's pleadings, he may be arguing that he can overcome the procedural bar of Ground Three because he is actually innocent of the crimes.  "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier*, 477 U.S. at 496. The Supreme Court has elaborated that

---

[6]The undersigned is aware that the PCR court included a section in its order of dismissal finding that all other allegations raised in the application or at the PCR hearing and not specifically ruled on by the order of dismissal were denied and dismissed (app. 158).

> a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."
>
> . . . .
>
> . . . To invoke the miscarriage of justice exception . . . , a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*McQuiggin v. Perkins*, 569 U.S. ——, ——, 133 S.Ct. 1924, 1935 (2013) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, the petitioner has failed to make the necessary showing of actual innocence. The petitioner has provided no evidence in support of his assertion. Without more from the petitioner, such as new evidence, the court cannot conclude that the petitioner has established that he is actually innocent, *i.e.*, that no reasonable juror would have convicted him. Therefore, Ground Three is barred from federal habeas review.

***Ineffective Assistance of Counsel***

The petitioner has raised a claim of ineffective assistance of counsel during his trial. When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[7] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and

---

[7]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

11

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

---

different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

12

**Ground One**

In his first ground, the petitioner alleges that counsel failed to investigate the fact that his psychiatric medicine was changed before the guilty plea and this affected his competency (doc. 1-6 at 5). This issue was not ruled upon by the PCR court; however, as previously discussed, the court will address merits of this claim. A review of the record indicates that the petitioner is not entitled to federal habeas relief on this ground.

The PCR court did not make a specific finding regarding counsel's preparation concerning the petitioner's psychiatric medication; however, the PCR did find:

> [T]he Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment and representation that are expected of a attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in h[is] representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.
>
> This Court finds that plea counsel was not ineffective for failing to investigate. Counsel is not ineffective for failing to fully prepare if the defendant has failed to present any evidence of what counsel could have discovered or what other defenses defendant would have requested counsel pursue had counsel had more time to fully prepare[]. Jackson v. State, 329 S.C. 345, 495 S.E.2d 345 (1997). The Applicant presented no testimony at the post-conviction relief hearing that he requested that plea counsel investigate a particular fact or witness. The Applicant also presented no testimony of what would have been found had plea counsel investigated the facts of his case further. Plea counsel testified that he thoroughly investigated the Applicant's case. This Court finds that this allegation is without merit and that the plea counsel fully investigated the Applicant's case prior to the Applicant's plea of guilty.

(App. 156–57). The petitioner raised the fact that he was not on the same medications during his plea that he had been on during the evaluations in his *pro se* petition for writ of certiorari to the South Carolina Court of Appeals (doc. 35-7 at 2–3). The Court of Appeals acknowledged that it had received the petitioner's *pro se* response and denied the petition (doc. 35-8). The petitioner has failed to demonstrate that state court's denial of the

petitioner's ineffective assistance claim was either contrary to or an unreasonable application of applicable Supreme Court precedent.

Moreover, the record supports the state court's determination. The petitioner now contends that he misspoke at the PCR hearing when he stated that was taking the same medications during the guilty plea and during the evaluations because he did not realize that the medications had been changed[8] (doc. 57 at 7). The petitioner testified at the PCR hearing that he felt "dazed out" and was hearing echoes on the day of the plea (app. 105–06). He stated that the medication affected him in various ways (app. 111).

At the PCR hearing, plea counsel testified that he believed that the petitioner's medication affected his ability to understand what was going on, and so he went through the case very slowly with the petitioner (app. 132). He stated that he looked into the petitioner's mental health history (app. 135–36). Plea counsel testified that the plea court asked the petitioner if he was currently on any medications that would affect his judgment, and the petitioner answered no (app. 139). He further testified that he believed the petitioner was able to assist in preparing for trial and to meaningfully discuss his case with plea counsel, within the petitioner's limitations (app. 140–41).

The petitioner has put forth no evidence as to what plea counsel would have discovered had he investigated the medications the petitioner was taking at the time of the plea.[9] Therefore, he is not entitled to federal habeas relief on this ground. *See Beaver v.*

---

[8]To the extent that the petitioner attempts to argue in the response in opposition to the motion for summary judgment that counsel was ineffective for failing to explain the discovery to him as an extension of his argument that counsel was ineffective for failing to investigate his medications (doc. 57 at 2–6), that argument was not raised in the petition and will not be considered by this court. *See Temple v. Oconee Cty.*, C/A No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014) (new matters cannot be raised in a response in opposition to a motion for summary judgment (citing *White v. Roche Biomedical Labs.*, 807 F.Supp. 1212, 1216 (D.S.C. 1992))).

[9]To the extent that the petitioner intends to argue that the change in medications should have alerted plea counsel that the petitioner's mental competency should have been evaluated again, that is the basis of Ground Two, discussed below.

14

*Thompson*, 93 F.3d 1186, 1195 (4th Cir.1996) ( "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify."). Accordingly, summary judgment is appropriate with respect to this claim.

### **Ground Two**

In Ground Two, the petitioner claims that plea counsel was ineffective for failing to request a competency hearing when he knew that the petitioner had a history of mental illness (doc. 1-6 at 7). This claim was addressed by the PCR court. The petitioner is not entitled to federal habeas relief on this ground.

Here, the PCR court addressed trial counsel's performance under the standards set forth in *Strickland* and *Hill* (app. 154–56). The PCR court found:

> [P]lea counsel was not ineffective for failing to request a competency hearing prior to the Applicant's plea. To sustain a claim that counsel was ineffective for failing to request a competency hearing, the Applicant must show a reasonable probability he would have been found incompetent. Jeter v. State, 308 S.C. 230, 417 S.E.2d 59 (1992). The Applicant puts forth no evidence that he would have been found incompetent at a competency hearing. The Applicant was evaluated twice for mental competency. Two separate doctors found that the Applicant was competent to proceed. Plea counsel testified that despite the Applicant's slow comprehension, he was able to assist in his defense and in the preparation of the case. The record reflects that the Applicant told the plea judge that he was satisfied with his counsel and that he understood the proceedings. This Court finds that this allegation is without merit and that the Applicant has not carried his burden to show that he was not competent at the time of the plea.

> ***
>
> Accordingly, this Court finds that the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel has failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in her representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. Therefore, this Court need not address prejudice.
>
> ***
>
> Based on the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before of during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation.

(App. 157–58). The PCR court's denial of the petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

Moreover, the record supports the PCR court's determination. At the PCR hearing, the petitioner stated that on the day of the guilty plea he informed the plea court on the record that he was hearing echoes (app. 106). The petitioner testified that he did not elaborate because he was not asked about it (app. 109). The petitioner testified that the doctors who evaluated him for competency should have come to his plea proceeding to testify; he stated that he did not know if their presence at the plea would have resulted in a different outcome, and he testified that he told the plea court that he understood the plea proceedings (app. 109, 116–17, 124). He stated that, based on what he knows now, he was not handling the medication well at the time of the guilty plea (app. 110).

16

Plea counsel testified at the PCR hearing that he knew that the petitioner had mental health issues (app. 132). Plea counsel testified that because of the petitioner's mental health history he had the petitioner evaluated twice and both doctors found him to be competent to stand trial or plead guilty (app 132–33). He also testified that it is not his general practice to bring to a plea proceeding an expert to testify about a defendant's mental illness after the defendant is found to be competent (app. 133). Plea counsel stated that the petitioner did not inform him that he did not understand the proceeding (app. 132). He stated that he believed it was the petitioner's decision to plead guilty that day and submitted evidence of the petitioner's mental health history as mitigation (app. 133–34). He continued with the plea because the petitioner had been found competent by two mental health professionals, and he did not believe that the petitioner's mental competency would have changed between the time of the last evaluation and the guilty plea (app. 136–37). Plea counsel testified that he believed the petitioner's mental health issues would have had no effect on his case had they proceeded to trial (app. 134).

The test for determining whether a criminal defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). "In order to find that petitioner's trial counsel was ineffective for refusing to request a *Blair* hearing on petitioner's competency to stand trial, petitioner must show that counsel was deficient and that the deficiency prejudiced the outcome of petitioner's proceedings." *Matthews v. State*, 596 S.E.2d 49, 50–51 (S.C. 2004). In *Matthews*, the Supreme Court of South Carolina noted that in proving *Strickland* prejudice in this context, "'the petitioner need only show a reasonable probability that he was either insane at the time [the crime was committed] or incompetent at the time of the plea.'" *Id.* at 51 (quoting *Jeter v. State*, 417 S.E.2d 594, 596 (S.C. 1992)).

The petitioner has presented no evidence beyond his own conclusory allegations that he was not competent at the time of the plea, and, when asked during the guilty plea, the petitioner stated that he understood the plea court, that he was satisfied with his attorney, and that he freely and voluntarily made the decision to plead guilty (app. 9, 11). In the present case, there has been no showing or suggestion of any reasonable probability that the petitioner was not competent at the time of his plea. *See Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion). Accordingly, summary judgment is appropriate with respect to this claim.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the court recommends that respondent's motion for summary judgment (doc. 34) be GRANTED and the petition be DENIED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 23, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).