IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clarence Scott Miller, ) | |
| ) | |
| Petitioner, ) | Civil Action 6:15-3726-TMC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Mr. Willie Eagleton, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Clarence Miller, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 34) be granted and the petition denied (ECF No. 61). The parties were advised of their right to file objections (ECF No. 61 at 19). On January 23, 2017, Respondent filed objections. (ECF No. 63).

On February 8, 2017, Petitioner filed a motion for an extension of time within which to file objections. (ECF No. 65). In this motion, Petitioner stated that he did not receive the Report until January 30, 2017, and he also requested a copy of the memorandum he filed in opposition to Respondent's summary judgement motion. *Id.* Petitioner also stated that he had a pending motion before the magistrate judge regarding discovery. *Id.* At that time, there were no pending motions for discovery on the docket. On February 10, 2017, the court directed the Clerk of Court to send Petitioner a copy of his memorandum, and granted Petitioner an extension until February 23, 2017, to file objections to the Report. (ECF No. 67). The court also informed Petitioner that no further extensions would be granted. *Id.* On February 16, 2017, Petitioner

1

filed a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Proceedings. (ECF No. 69).[1] On February 23, 2017, Petitioner filed another motion for an extension of time to allow him to obtain this discovery. (ECF No. 70).[2] Subsequently, Petitioner filed another motion for discovery. (ECF No. 74).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).[3]

## I. Facts/Background

In his Report, the magistrate judge sets out the facts and procedural history in detail. Briefly, on March 27, 2008, Petitioner pled guilty to two counts of burglary 1st degree, petit larceny, two counts of burglary 2nd degree, and grand larceny. On April 28, 2008, Petitioner was sentenced to 20 years confinement for each burglary 1st degree charge, 15 years for one burglary 2nd degree, and 10 years for petit larceny, all to run concurrent, along with consecutive

---

[1] Rule 6(a) of the Rules Governing Section 2254 Proceedings, provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing Section 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254.

[2] The motion for extension was postmarked February 23, 2017. (ECF No. 70-1). Therefore, pursuant to the mailbox rule, the court considers it to have been filed February 23, 2017. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that date of filing is date petitioner gave petition to prison officials for mailing); and *Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule).

[3] "While the level of scrutiny entailed by the court's review of the Report depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

2

15 year terms for the other burglary 2nd degree and 10 years for the grand larceny, which were both suspended to time served and intensive probation for five years to follow Petitioner's prison sentence.

On July 29, 2006, Petitioner broke into the home of Richard Shook and stole guns. His fingerprints were found inside Shook's home. On August 2, 2006, Petitioner kicked in the back door of the home of Valerie and Jason Johnson while they were inside. The victims tackled Petitioner and held him until police arrived. On the night of December 31, 2005, Petitioner broke into a building belonging to Ellis Bowden. On January 30, 2006, Petitioner broke into a business and stole automobile racing suits and was seen attempting to sell those racing suits. Petitioner was also seen wearing clothing similar to the clothing worn by one of the burglars on surveillance video from the crime scene. At his guilty plea hearing, Petitioner admitted committing these crimes and, at his sentencing, Petitioner apologized to the victims.

Petitioner filed a direct appeal, raising the following issue: Did the Circuit Court Judge err in accepting appellant's guilty plea where the plea was not knowing and voluntary as the result of appellant's inability to understand the guilty plea proceeding, his inability to understand the constitutional rights he was waiving, and his inability to assist trial counsel in his defense? On October 28, 2010, the South Carolina Court of Appeals denied and dismissed the direct appeal in an unpublished opinion. *State v. Miller*, Op. No. 2010-UP-467 (S.C. Ct. App. 2010).

On April 4, 2011, Petitioner filed an application for post-conviction relief ("PCR"). Petitioner alleged he was being held in custody unlawfully based on the following grounds: (a) Failure to investigate; (b) Failure to request a competency hearing knowing applicant had a history of mental illness; (c) Failure to request a suppression hearing to suppress applicant statement due to physical [illegible] and mental [illegible] during interrogation.

3

An evidentiary hearing was held on June 13, 2012. On July 31, 2012, the PCR court construed Petitioner's claims as ineffective assistance of counsel allegations and found Petitioner had not established any constitutional violations or deprivations and denied and dismissed the PCR application with prejudice. On March 26, 2013, Appellate Defender LaNelle C. DuRant filed a *Johnson* petition for a writ of certiorari, raising the following issue: Did PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was entered freely, voluntarily and knowingly? Petitioner also filed a pro se brief arguing that plea counsel was ineffective for failing to ensure that Petitioner entered the guilty plea freely, voluntarily, and knowingly. He sated that the medications he was taking at the time of the plea made it impossible for him to understand the plea and that his medications had changed between the time he was evaluated for competency and the plea. He also argued plea counsel was ineffective for failing to request a competency hearing. On January 27, 2015, the South Carolina Court of Appeals denied the petition for writ of certiorari. On October 14, 2015, Petitioner timely filed this § 2254 petition.

## II. Discussion

In his habeas petition, Petitioner raises the following grounds for relief, quoted verbatim:

**Ground One:** Counsel failed to investigate

**Supporting Facts:** Counsel failure to adequately investigate, research or evaluate possible defense and evidence in mitigation. If counsel would have done so he would known Miller was not on the same medication. He was evaluated on with John H. Dewitt, MD and Frank Quinn, Ph.D. During his plea, the doctor change Miller medications from the medication he was evaluated on.

**Ground Two:** Counsel failed to request a competency hearing knowing that the applicant had a history of mental illness

**Supporting Facts:** Miller trial counsel was deficient for failing to request a Blair hearing or competence hearing. Applicant counsel was deficient because he admitted it was strange and not normal for someone to hear echo sounds. When court had information concerning Miller or petitioner irrational behavior,

4

including suicide attempt and hallucination. Psychiatric evaluations, a learning disability. Miller inability also affected him in assisting trial counsel in his defense. With Miller ingested drugs prior to entering his guilty plea, and Miller comment he's hearing echo sounds suffering form delusion hallucination and hearing echoes imaginary voices. Miller had been diagnosed consistently with having depression disorder and personality disorder. With all these mental disorders, Miller should have been giving a competency hearing.

**Ground Three:** Counsel failed to request a suppression hearing to suppress the applicant's statement. Due to physical and mental issues during interrogation.

(ECF No. 1-6 at 5, 7-8, 9).

In his summary judgment motion, Respondent argues that Grounds One and Three are procedurally defaulted. The magistrate judge determined that only Ground Three was procedurally defaulted and, addressing Grounds One and Two on the merits, found them to be without merit. In his objections, Respondent asserts that the magistrate judge erred by finding that Ground One is not procedurally barred.

Here, while the issue raised in Ground One was perhaps not arguably raised to, or ruled upon by, the PCR court and thus is procedurally barred, the court believes the better course in this action is to address the merits of Ground One. *See Gray v. Ozmint*, C/A No. 8:08-cv-03773-HFF-BHH, 2010 WL 1068979, *7 n.3 (D.S.C. Mar. 18, 2010).[4]  As the PCR court noted, the

---

[4]The court agrees with Respondent that an issue cannot be raised for the first time in a *Johnson* petition for writ of certiorari with the South Carolina Supreme Court. In *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the South Carolina Supreme Court adopted an appellate procedure for when appellate counsel concludes that the PCR applicant has no meritorious grounds to present: counsel shall file a *Johnson* petition raising any issue which is arguably appealable and applicant is notified that he has a specific period of time to file a pro se petition raising additional issues. *Foster v. State,* 379 S.E.2d 907 (S.C. 1989). In ruling on a *Johnson* petition for writ of certiorari, the South Carolina Supreme Court will only consider those issues raised to and ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. *See Pruitt v. State*, 423 S.E.2d 127, 128 n. 2 (S.C. 1992) (holding that "the general rule [is] that issues must be raised to, and ruled on by, the post conviction judge to be preserved for appellate review."). *See also Padgett v. State*, 484 S.E.2d 101 (S.C. 1997) (holding that issues not ruled on by the PCR court are not preserved for appeal).

issues in this case are interrelated and although Petitioner did not specifically raise an issue about whether plea counsel should have investigated whether he was taking a different medication, he did raise the issue of whether plea counsel should have investigated Petitioner's competency on the day of the plea, and this issue was raised to and ruled on by the PCR court.[5] Moreover, Respondent identifies no error in the magistrate judge's ultimate conclusion that Petitioner's claims lack merit.

Petitioner pled guilty on March 27, 2008, and his sentencing was delayed to give the victims notice and an opportunity to appear before the court. On April 28, 2008, Petitioner returned to court for sentencing and he did not express any concerns over his mental state the day he pled guilty. Prior to Petitioner's guilty pleas, his attorney had him evaluated separately by the South Carolina Department of Mental Health ("SCDMH") and a private psychologist for criminal responsibility and competency to stand trial. Petitioner was found criminally responsible and competent to stand trial by both the SCDMH and private psychologists.

The issue raised in Ground One rests on whether Petitioner's trial counsel was ineffective for failing to investigate and request another competency hearing before the guilty plea. Petitioner contends that his guilty plea was involuntary because he was under the influence of a newly prescribed medication that affected his ability to comprehend everything and thus rendered him incompetent.

Before a court accepts a guilty plea, the court must determine that the defendant is competent to enter the plea and that the plea is knowing and voluntary. *Godinez v. Moran*, 509 U.S. 389 (1997). To establish such a claim, a defendant must show "his mental faculties were so impaired by drugs when he pleaded that he was incapable of full understanding and appreciation

---

[5]The court notes that the magistrate judge specifically noted that the issue of Petitioner's change in medication was also addressed in regard to Ground Two. (Report at 14 n.9).

of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." *United States v. Truglio,* 493 F.2d 574, 579 (4th Cir. 1974).

"Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir.1991).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland,* defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364 (1993). Indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, a court must then determine whether, in light of all the circumstances, as viewed as of the time of counsel's conduct and not through hindsight, the defendant has carried his burden of showing that his counsel's acts or omissions fell outside the range of reasonably competent assistance. *Strickland,* 466 U.S. at 690.

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable

7

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59 (footnote omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

During the guilty plea, the following colloquy took place:

The Court: All, right, Mr. Miller, within the last twenty-four (24) hours, have you consumed any type of substance that's adversely affecting your ability to understand what we're doing today?

The Defendant: No, sir.

The Court: Have you been treated for any type of drug or alcohol abuse?

The Defendant: Well, I take - - I take drugs. I take psychotic medication - -

The Court: Okay. All right. Are you on that medication now?

The Defendant: Yes.

The Court: All right. Now, is the fact that you're on that medication, is that - - is that interfering or preventing you from understanding what we're doing?

The Defendant: I understand what you're saying, but it echoes. It sounds like you're echoing to me.

The Court: All right. But you can hear me?

The Defendant: I can hear you, yes.

The Court: All right. You know, if ever during this process you don't think you can hear me, or you don't think you can understand me, you let me know, okay?

The Defendant: Yes, sir.

(ECF No. 35-1 at 10-11).

At the PCR hearing, Petitioner testified that at the guilty plea, he "wasn't feeling very well" because the medication he was on had him "dazed out." (ECF No. 35-1 at 107). He stated he was hearing "echo sounds"and bells ringing, and everything was unbalanced. *Id.* He stated he was not focused and wanted to withdraw his plea. (ECF No. 35-1 at 107-08, 109). He also

8

testified that he was hearing voices. (ECF No. 35-1 at 110). Petitioner stated he was being compliant when the PCR judge pointed out that Petitioner did not indicate during the plea that he was hearing anything other than echoes. (ECF No. 35-1 at 110-11). On cross-examination, Petitioner also testified that he was hallucinating the day of the plea hearing. (ECF No. 35-1 at 117). Petitioner additionally testified that he was on the same medication the day of the guilty pleas as he was when he had been evaluated and found competent a few weeks earlier. (ECF Nos. 35-1 at 132).

At the PCR hearing, plea counsel testified that because he knew Petitioner had some mental issues, he went over the elements of the crime and the discovery very slowly with Petitioner. (ECF No. 35-1 at 134). Plea counsel testified that, other than what was on the record, Petitioner did not indicate to him that he did not understand the proceeding. *Id.* Plea counsel testified if Petitioner had told him he did not understand the proceedings he would have stopped the hearing. *Id.* Plea counsel stated he continued with the hearing after Petitioner stated he was hearing echoing because he was not a mental health expert, and he did not believe Petitioner's competency would have changed since the evaluation he had undergone a few weeks before the guilty plea. (ECF No. 35-1 at 139).

Whether counsel's performance was deficient may be answered only by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, and not in the artificial light of hindsight. *Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993)); *United States v. Lopez*, 343 F. App'x 950, 951 (4th Cir.2009) ("A reviewing court cannot engage in hindsight; rather, the reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged error."). Here, at the time of the guilty plea, there were no red flags that would necessarily have placed any reasonable plea counsel on notice of the need to investigate the medication Petitioner was on and

9

whether Petitioner was competent at the time of the guilty plea. There was no evidence that Petitioner or his counsel knew that Petitioner's medication had been changed. At the time of the guilty plea, Petitioner stated he was on the same medication and only that he was hearing echoes. "Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Walton v. Angelone*, 321 F.3d 442 (4th Cir. 2003) (internal citation and quotation marks omitted). Petitioner did not indicate an inability to assist counsel or understand the proceedings. In fact, Petitioner informed the court he understood what was being said, and the court told Petitioner to let him know if he did not understand anything, which Petitioner did not do. Moreover, plea counsel testified that Petitioner did not inform him that he did not understand the proceedings. The record supports a finding that plea counsel was not deficient.

Moreover, even if plea counsel was deficient, Petitioner cannot meet his burden of showing prejudice. *See Strickland*, 466 U.S. at 687 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed"). In particular, he did not introduce any evidence as to what psychiatric problem he may have been experiencing or how that problem may have impacted upon his competency to enter a plea. *See Godinez v. Moran*, 509 U.S. 389, 397-400 (1993) (The defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him").

Petitioner contends he was on a different medication that apparently had side effects, one of which was causing him to hear echoes. At the PCR hearing, he elaborated further and testified that he was hearing voices. However, he did not state this at the guilty plea nor did he tell plea

10

counsel this.  Moreover, Petitioner has not shown there is a reasonable probability he would not have been found competent had plea counsel investigated which medication Petitioner was on or requested another competency hearing.  Petitioner has failed to submit any evidence that even remotely suggests he was incompetent at the time of the plea hearing.  Even if the court were to find some conduct or behavior that was strange or odd at the time of the plea hearing, Petitioner cannot demonstrate prejudice without some evidence that indicates Petitioner's mental state was altered so that he was unable to understand the proceedings or assist his attorney in his defense.  And this he has not done.  Accordingly, the court finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. *See Williams v. Taylor*, 529 U.S.362, 410 (2000); 28 U.S.C. § 2254(d), (e)(1).

Petitioner has also filed two motions for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Proceedings.  (ECF Nos. 69, 74).  Unlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.' " *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). To conduct discovery in a 2254 habeas proceeding, a petitioner "must provide reasons for the request," Rule 6(b), Rules Governing Sect. 2254 Proceedings, that establish "good cause," Rule 6(a), Rules Governing Sect. 2254 Proceedings.  "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens*, 570 F.3d at 204.  Here, Petitioner has failed to set forth good cause as to why discovery in any form is warranted.  In these motions, Petitioner seeks his mental health records "to show evidence as to what plea counsel would have discovered had he investigated the medication the Petitioner was taking at the time of the plea."

11

(ECF No. 69 at 1).[6] Although he has identified specific information he seeks to obtain, he has not demonstrated that such discovery would result in him being entitled to habeas relief on his claims. *See Stephens*, 570 F.3d at 213. Petitioner fails to demonstrate any meaningful likelihood that if he were permitted to conduct the desired discovery and establish that he was simply on a different medication, he could demonstrate entitlement to relief because the court is obligated to review plea counsel's performance as of the time of the plea. Accordingly, Petitioner's motions for discovery and for an extension so that he can conduct discovery regarding the medication he was on at the time of the guilty plea are denied.

The court has thoroughly reviewed the Report, as well as the objections filed by the parties, and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report (ECF No. 61); and Respondent's motion for summary judgment (ECF No. 34) is **GRANTED** and Petitioner's petition is **DENIED**. Additionally, Petitioner's Motions for Discovery and an Extension (ECF No. 69, 70, and 74) are **DENIED.**

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the

---

[6]In his first motion for discovery, Petitioner also seeks copies of his memorandum in opposition to Respondent's Summary Judgment Motion. (ECF No. 69 at 1). Petitioner made this request in a prior motion (ECF No. 65), and the court granted this request on February 10, 2017. (ECF No. 67). Petitioner most likely had not received it before filing the instant motion.

12

petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 9, 2017
Anderson, South Carolina

13